**FILED**

FEB 13 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL PIERCE,<br><br>      Petitioner,<br><br>      v.<br><br>STUART SHERMAN, Warden,<br><br>      Respondent. | Case No. 15-CV-05568 LHK (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY** |

United States District Court
Northern District of California

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Petitioner raised three claims in his petition. The court dismissed

Claims 2 and 3, and ordered respondent to show cause why the petition should not be granted as to

Claim 1. Specifically, petitioner alleges that his waiver of his right to counsel was not knowing

and intelligent. Respondent has filed an answer. Although given an opportunity, petitioner did

not file a traverse. Having reviewed the briefs and the underlying record, the court concludes that

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
APPEALABILITY

1

1   petitioner is not entitled to relief, and DENIES the petition, but GRANTS a certificate of

2   appealability ("COA").

3                                   **PROCEDURAL HISTORY**

4
5       On September 28, 2012, petitioner appeared in Superior Court pursuant to a criminal

6   complaint. The commissioner granted petitioner's request to represent himself. Following a

7   preliminary hearing, on October 26, 2012, petitioner was charged by information with willfully

8   violating the Sexual Offender Registration Act (Count 1); failing to register within five working

9   days of moving (Count 2); and failing to register within five days of his birthday (Count 3). The

10  information also alleged four prior convictions. On the prosecutor's motion, the court dismissed

11  Count 1. The court also dismissed one of the prior convictions. After a trial, the jury found

12  petitioner guilty of Counts 2 and 3, and found the remaining allegations of prior convictions to be

13  true. On April 12, 2013, the court sentenced petitioner to a term of five years and four months in

14  state prison.

15
16      On January 26, 2015, the California Court of Appeal affirmed. On April 15, 2015, the

17  California Supreme Court denied review. Petitioner filed the instant federal habeas petition on

18  December 4, 2015.

19
20                                  **FACTUAL BACKGROUND**

21      On September 28, 2012, a felony complaint was filed against petitioner. CT 1-2. That

22  same day, at petitioner's initial appearance, the following colloquy occurred between the

23  commissioner and petitioner:

24

25  Case No. 15-CV-05568 LHK (PR)
    ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
26  APPEALABILITY
                                                    2

27

28

United States District Court
Northern District of California

THE COURT: Randall Pierce, line 15.  He is present in custody.  No.  He doesn't want a lawyer.  Do you have the forms filled out?

[PIERCE]: No, ma'am.  Verbal threat.

THE COURT: What?

[PIERCE]: Verbal threat, please.

THE COURT: I can't understand you.  What did you say?

[PIERCE]: A verbal threat, *Ferrata* [sic] motion.

THE COURT: All right.  So do you want to go pro per in this matter?

[PIERCE]: Yes, ma'am.

THE COURT: Did you fill out the pro per form?

[PIERCE]: No, ma'am.

THE COURT: You need to do that then we will call you back.

[PIERCE]: All right.

THE COURT: Is this a third strike?

[PROSECUTOR]: Yes.

Dkt. No. 36-15 at 5-6.  Petitioner then completed and signed the form entitled, "Waiver of Right to Counsel and Order Permitting Appearance in Propria Persona."  The form read:

> I, the undersigned, understand that I have a right to be represented by a lawyer at all stages of the proceedings and, that if I cannot afford a lawyer, to have the Court appoint one for me at no cost to me.
>
> I understand:
>
> 1. I could change my mind and retain a lawyer to represent me or petition the Court for appointment of a lawyer to represent me or to assist with my defense;

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

3

2. That no postponement would be permitted at any time during the proceeding for the reason that a lawyer was newly brought into the case;

3. That the Court may and will terminate self-representation if I deliberately engage in serious and obstructionist misconduct before the court or in any proceeding;

4. That the Court considers it a mistake for me not to accept or employ counsel to represent me;

5. That if I am allowed to represent myself, I must follow all legal rules applicable to the trial of any criminal action;

6. That there are numerous dangers and disadvantages to self-representation, including the following:

(a) The law provides for numerous pretrial motions available to defendants, which are of a technical nature, the advantage of which I would lose if allowed to represent myself;

(b) My vocabulary may impede clear communication with the Court and opposing counsel;

(c) Judges will not act on my behalf in asserting objections or in making appropriate motions where ordinarily it is the duty of a lawyer to call such matters to the Court's attention;

(d) The District Attorney will not assist in the defense of the case;

(e) The rules of law are highly technical and will not be set aside because I represent myself;

(f) I may waive constitutional, statutory, and common law rights unknowingly;

(g) If I am in custody, it would be difficult for me to locate witnesses, interview them, prepare [subpoenas], and have them served;

(h) I may, in effect, conduct a defense which is ultimately to my own detriment;

7. That the maximum sentence for the offense is _____;

8. That, in spite of my best efforts, I will not be able to claim afterwards I was inadequately represented by myself.

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

4

United States District Court
Northern District of California

> I have read and fully understand all of the rights and matters set forth above. With all of the above in mind I wish to waive my right to a lawyer and wish to represent myself."

Resp. Ex. 11. Petitioner signed and dated this form. At the end of the form below petitioner's signature was an "order" which stated,

> Whereas Defendant appeared personally in Department 33 of the above-entitled court and moved he be permitted to represent himself in propria persona, without the assistance of counsel, the Court inquired into the Defendant's education and understanding and the Court finds the Defendant has made a knowing and intelligent waiver of counsel and a knowing and intelligent decision to represent himself. The Court allows the Defendant to appear in propria persona.

*Id.* The commissioner signed and dated the form under the "order." *Id.*

After petitioner completed the form, the following colloquy occurred:

> THE COURT: All right. So let's recall line 15, Randall Pierce. He is present in custody. And do you understand you are representing yourself and all of the consequences on this form?
>
> [PIERCE]: Yes, ma'am.
>
> THE COURT: And you wish to proceed going pro per status?
>
> [PIERCE]: Yes, ma'am.
>
> THE COURT: All right. So I will grant you pro per status. And do you waive formal reading and advice of rights?
>
> [PIERCE]: I do. But I don't waive being arraigned by a commissioner rather than a judge.
>
> THE COURT: So you want to have you arraigned in front of a judge not a commissioner?
>
> [PIERCE]: Yes, ma'am.
>
> THE COURT: All right. We will call down to the presiding judge and get you down there.

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

United States District Court
Northern District of California

Dkt. No. 36-15 at 6.  After the presiding judge arrived, the judge confirmed with petitioner that petitioner was representing himself.  *Id.* at 7.  The Superior Court judge read the charges to petitioner, and petitioner pleaded not guilty.  *Id.* at 7-8.  Petitioner indicated that he was not going to "waive time," and requested a "speedy trial and discovery."  *Id.* at 8.

On October 15, 2012, petitioner represented himself at the preliminary hearing.  CT 13-49. During the hearing, petitioner cross-examined a prosecution witness, conducted direct examinations, and asserted objections.  *Id.*  At the conclusion of the hearing, the Superior Court found probable cause, and ordered petitioner to appear for arraignment.  *Id.* at 48.  On October 30, 2012, petitioner was arraigned on an information charging him with three counts.  CT at 11. Petitioner entered a plea of not guilty to all counts, and denied all special allegations and priors. *Id.*

On December 10, 2012, the parties met for a day-of-trial settlement conference.  Dkt. No. 36-15 at 15.  Prior to that date, petitioner had met at least twice with the Superior Court judge and the prosecution during pretrial hearings where he had rejected a settlement offer.  *Id.* at 18.  At the day-of-trial settlement conference, petitioner affirmed that he was still uninterested in the offer, and wanted to proceed to trial.  *Id.*  However, petitioner requested the trial date be held over.  *Id.* at 19. Petitioner stated:

> My position, sir, is that if it is okay, I would like to have Mr. Lorvan for the narrowly defined purpose of assisting me to testify because these new developments, just in week Wednesday and Friday, have caused me to adjust my strategy.  I am going to testify now.  I wasn't before.  [¶]  The paperwork I got on Friday caused me to make a radical adjustment in my trial strategy which caused me to testify.  I am not the Dalai Lama, sir.  I would like somebody to directly examine me, and I would like Mr. Sydney Lorvan to do that.  If that

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

6

1    is okay, great. If not, let's start today.

2    *Id.* The Superior Court judge confirmed with petitioner that petitioner wanted counsel only for

3    conducting direct and redirect examination of petitioner at trial, and not for the general purpose of

4    advisory counsel for another part of the case. *Id.* at 23. The Superior Court judge then appointed

5    counsel for petitioner for these limited purposes.

6

7    On December 18, 2012, the parties re-appeared in the Superior Court to argue the

8    prosecution's in limine motion. For the purpose of the in limine motion, the Superior Court judge

9    suggested, and petitioner agreed, to allow appointed counsel to argue against the prosecution's

10   motion on petitioner's behalf. Dkt. No. 36-8 at 20-31. The Superior Court judge granted in part

11   and denied in part the prosecution's in limine motion. Dkt. No. 36-4 at 90.

12   Also at the December 18, 2012 in limine hearing, the prosecution summarized that it had

13   offered a deal wherein, if petitioner pleaded guilty to Count 1 and admitted a strike, the

14   prosecution would ask for a 32 month sentence. Dkt. No. 36-8 at 13. The prosecution reminded

15   petitioner that he was facing a maximum sentence of six years without the plea. *Id.* at 13, 54.

16   Petitioner affirmed that he had previously rejected this offer, and continued to do so. *Id.* at 13.

17   The Superior Court judge permitted petitioner to discuss with appointed counsel the terms of the

18   plea offer. *Id.* at 47-48. Ultimately, after discussing the offer with counsel, petitioner rejected the

19   offer and opted for trial. *Id.* In discussing whether petitioner would wear plain clothes instead of

20   jail clothes and wear restraints, petitioner remarked, "I don't need fancy clothes or a highfalutin

21   lawyer. I just got good common horse sense." *Id.* at 74.

22

23

24   The following day, on December 19, 2012, petitioner's trial began. At trial, petitioner

25   Case No. 15-CV-05568 LHK (PR)
     ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
     APPEALABILITY

26   7

27

28

United States District Court
Northern District of California

1    made an opening statement, cross-examined prosecution witnesses, questioned his own witnesses,

2    and made a closing statement. *People v. Pierce*, No. A138870, 2015 WL 325028, at *2 (Cal. App.

3    Jan. 26, 2015).  When petitioner took the stand, his appointed counsel conducted the direct

4    examination.  *Id.*  Ultimately, the jury returned a guilty verdict on all charges.  Thereafter,

5

6    petitioner requested and received several extensions of time, filed a motion for new trial, and made

7    a motion to reduce his sentence under *People v. Romero*, 13 Cal.4th 497 (1996).  *Id.*; Dkt. No. 36-

8    14 at 8.  At the hearing on petitioner's motion for new trial, the Superior Court judge stated, "I

9    think we've reached the point where I'm almost convinced that you're trying to game the system."

10   Dkt. No. 36-14 at 7.  Petitioner was ultimately sentenced to a term of five years and four months.

11   *Pierce*, 2015 WL 325028, at *2.

12
                                        **STANDARD OF REVIEW**
13

14           This court may entertain a petition for writ of habeas corpus "in behalf of a person in

15   custody pursuant to the judgment of a State court only on the ground that he is in custody in

16   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The

17   petition may not be granted with respect to any claim that was adjudicated on the merits in state

18   court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary

19   to, or involved an unreasonable application of, clearly established Federal law, as determined by

20   the Supreme Court of the United States; or (2) resulted in a decision that was based on an

21   unreasonable determination of the facts in light of the evidence presented in the State court

22   proceeding." 28 U.S.C. § 2254(d).

23

24           "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court
     Case No. 15-CV-05568 LHK (PR)
25   ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
     APPEALABILITY
26                                                    8

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the U.S. Supreme Court as of the time of the state court decision. *Id.* at 412. Clearly established federal law is defined as "the governing legal principle or principles set forth by the [United States] Supreme Court." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

## DISCUSSION

Petitioner's sole claim in his petition for writ of habeas corpus is that his decision to represent himself, and waive his right to counsel, was not knowing and intelligent.

A criminal defendant has a Sixth Amendment right to self-representation. *Faretta v. California*, 422 U.S. 806, 832 (1975). But a defendant's decision to represent himself and waive

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

9

the right to counsel must be unequivocal, knowing and intelligent, timely, and not for purposes of securing delay. *Id.* at 835. Consequently, the Sixth Amendment requires that a state trial court, before letting an accused proceed pro se, be assured that he "is made aware of the dangers and disadvantages of self-representation so the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Snook v. Wood*, 89 F.3d 605, 613 (9th Cir. 1996) (quoting *Faretta*, 422 U.S. at 835). It is the criminal defendant's burden to prove that he "did not competently and intelligently waive" his right to the assistance of counsel. *Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

The California Court of Appeal rejected petitioner's claim. The state appellate court identified *Faretta* as the controlling U.S. Supreme Court law. The state appellate court recognized that the failure to give a particular set of advisements or read a script does not necessarily demonstrate that a *Faretta* waiver was inadequate. *Pierce*, 2015 WL 325028, at *3. Rather, the state court noted, that the form that petitioner signed was sufficient to give petitioner notice of the dangers and disadvantages of self-representation, and there was no indication in the record that petitioner did not understand what he was reading and signing. *Id.* at *3-*4. The state court relied on state case law in its analysis, and concluded that although the form did not advise petitioner of the nature of charges or the maximum sentence he faced, the record overall showed that petitioner wanted to waive counsel and understood the risks of doing so. *Id.*

On federal habeas review, this court must ascertain whether the California Court of Appeal's decision was contrary to, or an unreasonable application of, clearly established U.S. Supreme Court law. A review of the U.S. Supreme Court's opinion in *Tovar* and the Ninth

Circuit's opinion in *Arrendondo v. Neven*, 763 F.3d 1122 (9th Cir. 2014), is helpful to this analysis.

In order to determine the scope of the Sixth Amendment right to counsel, and the type of warnings and procedures that should be required before a waiver of that right will be recognized, the U.S. Supreme Court follows a "pragmatic approach" to the waiver question, "one that asks 'what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he could provide to an accused at that stage.'" *Tovar*, 541 U.S. at 90 (quoting *Patterson v. Illinois*, 487 U.S. 285, 298 (1988)). "The information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id.* at 88.

In *Tovar*, the U.S. Supreme Court considered the "extent to which a trial judge, before accepting a guilty plea from an uncounseled defendant, must elaborate on the right to representation." *Id.* at 81. It answered that the U.S. Constitution only requires that the trial court inform the defendant of the nature of the charges against him; the defendant's right to be counseled regarding the plea; and the range of allowable punishments the defendant faces upon pleading guilty. *Id.* Although not constitutionally mandated, the states are free to adopt by statute, rule, or decision any guides to the acceptance of an uncounseled plea they deem useful. *Id.* at 94; *Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir. 2000) (en banc) (neither the U.S. Constitution nor *Faretta* requires a state court to engage in any particular procedure or specific colloquy with the defendant; a federal habeas court only considers whether the state trial court

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

11

United States District Court
Northern District of California

made the defendant "aware of the dangers and disadvantages of self-representation") (quoting

*Faretta*, 422 U.S. at 835). *Tovar* reaffirmed that, in general, a waiver is knowing and intelligent

"if the defendant fully understands the nature of the right and how it would likely apply *in general*

in the circumstances – even though the defendant may not know the *specific detailed*

consequences of invoking it." *Tovar*, 541 U.S. at 92 (quoting *United States v. Ruiz*, 536 U.S. 622,

629 (2002) (emphasis in original).

      Ten years after *Tovar* was issued, the Ninth Circuit reiterated, "No clearly established

Supreme Court case law requires trial courts to apprise defendants in any particular form of the

risks of proceeding to trial pro se." *Arrendondo*, 763 F.3d at 1130 (rejecting the argument that the

U.S. Constitution requires particularized warnings when a defendant seeks to represent himself

because it is not supported by established Supreme Court law under 28 U.S.C. § 2254(d)(1)). In

*Arrendondo*, the Ninth Circuit considered an appeal from the denial of a federal habeas petition,

where petitioner claimed, *inter alia*, that the petitioner's waiver of counsel was invalid. What

happened in *Arrendondo* was that, more than eight months after petitioner's arraignment,

petitioner requested dismissal of appointed counsel, and wanted to proceed pro se. *Id.* at 1126.

The trial court engaged in a colloquy with the petitioner regarding the waiver of counsel, and

ultimately granted petitioner's motion and concluded that petitioner waived his right to counsel

knowingly and intelligently. *Id.* at 1127. In the federal habeas petition, the petitioner in

*Arrendondo* alleged: (1) the trial court failed to ensure that the petitioner was advised of the

possible range of punishments prior to accepting the waiver of counsel; and (2) petitioner did not

know that he was facing a maximum sentence of life in prison.

United States District Court
Northern District of California

In *Arrendondo*, the Ninth Circuit stated that the U.S. Supreme Court had clearly established that a criminal defendant must have a general understanding of the potential penalties he faces before entering into a valid waiver of counsel. *Id.* at 1130. Specifically, the Ninth Circuit reasoned that, at a minimum, the U.S. Supreme Court in *Tovar* clearly established that, before waiving his right to counsel for the purpose of entering a guilty plea, a defendant must be aware "'of the nature of the charges against him, of his right to be counseled regarding his plea, and of *the range of allowable punishments* attendant upon the entry of a guilty plea.'" *Arrendondo*, 763 F.3d at 1131 (emphasis in original) (quoting *Tovar*, 541 U.S. at 81). The Ninth Circuit explained that *Tovar* and *Faretta* complemented each other; *Tovar* required a trial court to ensure that a criminal defendant knows the range of possible punishments before deciding to proceed to trial pro se, while *Faretta* focused instead on ensuring that a criminal defendant knows of the dangers and disadvantages of going to trial without counsel. *Id.* "Taken together, [*Tovar* and *Faretta*] outline the minimum necessary knowledge for a defendant to calculate knowingly and intelligently the risk of proceeding to trial pro se." *Id.* The Ninth Circuit expressly stated that *Tovar*'s requirement that a criminal defendant understand the range of potential punishments prior to a valid waiver of counsel during a guilty plea extends to the trial context, and that to conclude otherwise "would be an unreasonable interpretation of clearly established [U.S.] Supreme Court law." *Id.* at 1132.

Here, both *Tovar* and *Arrendondo* had been decided by the time the California Court of Appeal issued its opinion affirming petitioner's case. The state appellate court identified *Faretta* as the controlling U.S. Supreme Court law, but did not mention *Tovar*. It concluded that even

United States District Court
Northern District of California

1    though petitioner was not given a particular set of advisements, the form that petitioner signed was

2    sufficient to give petitioner notice of the dangers and disadvantages of self-representation, and

3    there was no indication in the record that petitioner did not understand what he was reading and

4    signing. *Pierce*, 2015 WL 325028, at \*3-\*4.  The state court rejected petitioner's claim and

5    concluded that although the form did not advise petitioner of the nature of charges or the

6    maximum sentence he faced, the overall record showed that petitioner wanted to waive counsel

7    and understood the risks of doing so. *Id.*

8

9        The Ninth Circuit in *Arrendondo* plainly stated, "*Tovar*'s statement concerning the

10   defendant's knowledge of possible punishments is clearly established Supreme Court law, and was

11   at the time of the Court's decision on the merits." *Arrendondo*, 763 F.3d at 1132; *see id.* at 1130

12   ("The Supreme Court has clearly established that a defendant must have a general understanding

13   of the potential penalties of conviction before waiving counsel to render that waiver valid.").  The

14   Ninth Circuit interpreted *Tovar* to require that before any waiver of counsel could be found

15   knowing and intelligent, a criminal defendant must know the nature of the charges against him, his

16   right to be counseled regarding his plea, and the range of allowable punishments.  The Ninth

17   Circuit in *Arrendondo* reasoned that the *Tovar* requirements were just as applicable in the trial

18   context, and that to find otherwise would be "an unreasonable interpretation" of clearly established

19   law.

20

21       A review of other circuit cases shows that no other circuit has extended *Tovar* to form a

22   similar conclusion.  Rather, other circuits limit *Tovar*'s three-warning requirement to waivers

23   invoked at the time of a guilty plea.  *See, e.g.*, *Spates v. Clarke*, No. 13-6358, 547 Fed. Appx. 289,

1    294 (4th Cir. 2013) (per curiam) (specifically limiting *Tovar*'s requirements to the context of a

2    guilty plea) (unpublished memorandum disposition); *Page v. Burger*, 406 F.3d 489, 494-95 (8th

3    Cir. 2005) (recognizing a waiver of counsel to be valid if defendant is "made aware of the dangers

4    and disadvantages of self-representation" at the time of the waiver, and specifying that with regard

5    to a guilty plea, the constitution requires the defendant be made aware of the nature of charges, the

6    right to be counseled regarding plea, and the range of allowable punishments) (emphasis added).

7

8        Indeed, in the Ninth Circuit's concurrence in *Arrendondo*, Judge Fernandez noted his

9    reluctance to rule on issues unnecessary to the decision, and specifically found that the opinion's

10   discussion and conclusion that "any *Tovar* requirement must apply in the trial context (whatever

11   that means for the whole period from the beginning of a case to its termination) is especially

12   unnecessary and problematic." *Arrendondo*, 763 F.3d at 1141.

13

14       This court is aware that "circuit precedent does not constitute 'clearly established Federal

15   law, as determined by the Supreme Court,' 28 U.S.C. § 2254(d)(1)," and it "therefore cannot form

16   the basis for habeas relief under AEDPA." *Parker v. Matthews*, 132 S. Ct 2148, 2155 (2012).

17   Furthermore, circuit precedent may not be used to "refine or sharpen a general principle of

18   Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not

19   announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013). But circuit decisions, such as

20   *Arrendondo*, may still be relevant as persuasive authority to determine whether a particular state

21   court holding is an "unreasonable application" of Supreme Court precedent or to assess what law

22   is "clearly established." *Clark v. Murphy*, 331 F.3d 1062, 1070-71 (9th Cir. 2003).

23

24       Here, the Ninth Circuit in *Arrendondo* expressly stated that the failure to extend *Tovar*'s

1    requirement that a criminal defendant be aware of the range of possible punishments when the

2    waiver of the right to counsel is invoked in the trial context is an unreasonable interpretation of

3    clearly established U.S. Supreme Court law.  This court is bound by the law of the Ninth Circuit.

4    *See, e.g., Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007) (district courts are bound by

5    circuit authority unless there is clearly irreconcilable intervening Supreme Court authority);

6    *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the

7    law of their own circuit.").  As such, the court finds that the state appellate court's decision was

8    contrary to, or an unreasonable application of, the clearly established U.S. Supreme Court law in

9    *Tovar*. *See* 28 U.S.C. § 2254(d)(1).

10

11          Because the state court's error satisfies Section 2254(d)(1), this court now reviews

12    petitioner's claim de novo. *See Frantz v. Hazey*, 533 F.3d 724, 737 (9th Cir. 2008) (per curiam)

13    ("we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such

14    error, we must decide the habeas petition by considering de novo the constitutional issues

15    raised.").

16

17          Ultimately, fatal to petitioner's claim is his failure to plead or prove that he did not

18    knowingly and intelligently waive his right to counsel.  It is well-established that "[w]hen

19    collaterally attacked, the judgment of a court carries with it a presumption of regularity." *Johnson

20    v. Zerbst*, 304 U.S. 458, 468 (1938).  Here, the issue of whether petitioner validly waived his right

21    to counsel is not determined in a vacuum without regard to the proof required to be shown.

22    Where, as here, "a defendant, without counsel, acquiesces in a trial resulting in his conviction and

23    later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon

United States District Court
Northern District of California

1  him to establish that he did not competently and intelligently waive his constitutional right to

2  assistance of [c]ounsel" *Id.* at 468-69; *Tovar*, 541 U.S. at 92-93; *cf. People v. Barlow*, 103 Cal.

3  App. 3d 351, 370 (1980) ("That is right; in any collateral attack on the judgment the burden is on

4  the [petitioner] to demonstrate unconstitutional deprivation."). Petitioner must meet this burden

5  by a preponderance of the evidence. *See Johnson*, 304 U.S. at 469.

6

7       Petitioner has not done so. In his federal petition, petitioner merely writes, "Perfunctory

8  *Faretta*. Please see the legal briefs inclusive herewith." Dkt. No. 1 at 6. Petitioner attached his

9  "legal briefs" to the petition.[1] Those "legal briefs" include his opening brief to the California

10  Court of Appeal, as well as his petition for review to the California Supreme Court. Dkt. Nos. 1-1

11  at 1-26; 1-6 at 3-12; 1-8 at 3-15. Both briefs were prepared and filed by counsel. In those briefs,

12  counsel for petitioner argued that the record "fail[ed] to demonstrate that [petitioner] knowingly

13

14

---

[1]       The court notes that in the California Court of Appeal, petitioner also raised a claim that
the trial court failed to re-advise him of his right to counsel after the preliminary hearing and
before trial. Petitioner raised this claim only as a state law claim, did not allege that the failure to
re-advise him violated any federal constitutional law, did not raise this claim in the California
Supreme Court, and did not raise this claim at all in his federal habeas petition. In the federal
petition, petitioner merely stated, "perfunctory *Faretta*" and referred the court to his state court
pleadings.
       Even assuming that petitioner intended to raise the failure to re-advise him as a federal
claim, it is without merit. The Ninth Circuit has stated that in general, a *Faretta* waiver remains in
effect throughout the criminal proceedings, unless the circumstances change in a significant way
or the waiver was limited. *United States v. Hantzis*, 625 F.3d 575, 580-81 (9th Cir. 2010) (the trial
court was not required to conduct a new *Faretta* colloquy at subsequent hearings where, among
other things, "there is nothing in the record to suggest that any changes occurred . . . that would
have affected [the defendant's] understanding of the charges or penalties against him").
Therefore, "[a] properly conducted *Faretta* colloquy need not be renewed in subsequent
proceedings unless intervening events substantially change the circumstances existing at the time
of the initial colloquy." *Id.* On this record, there is no indication, and petitioner does not argue,
that any intervening event substantially changed petitioner's circumstances after his initial
colloquy.

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
APPEALABILITY

17

United States District Court
Northern District of California

1    and voluntarily waived his right to counsel," and appeared to place the burden on the prosecution

2    to show that the waiver was valid. Dkt. No. 1-8 at 3.

3         Petitioner's argument, as set forth in his state court appellate briefs, focuses only on the

4    waiver form, and the lack of an oral colloquy. Petitioner specifically argued that the "advisement

5    by form" was not sufficient to provide a knowing and voluntary waiver, and together, the lack of

6    colloquy and the form failed to inform petitioner of the nature of the charges, the elements of the

7    offenses, any possible defenses, or the possible punishments. In essence, petitioner's argues that

8    the record fails to affirmatively "demonstrate that his purported waiver of counsel was knowing

9    and intelligent." Dkt. No. 1-1 at 18. That is not the focal point of this court's inquiry. Although

10   subtle, petitioner's argument is different from one that asserts he did not know about a particular

11   danger or disadvantage of self-representation before he chose to waive counsel.

12        In *Tovar*, the U.S. Supreme Court reaffirmed that it is petitioner's "burden to prove that he

13   did not competently and intelligently waive" his right to counsel. *Tovar*, 541 U.S. at 92-93.

> [W]e note that Tovar has never claimed that he did not fully understand the charge or the range of punishment for the crime prior to pleading guilty. Further, he has never "articulate[d] with precision" the additional information counsel could have provided, given the simplicity of the charge. *See Patterson*, 487 U.S. at 294, 108 S.Ct. 2389; *supra*, at 1384. Nor does he assert that he was unaware of his right to be counseled prior to and at his arraignment. Before this Court, he suggests only that he "may have been under the mistaken belief that he had a right to counsel at trial, but not if he was merely going to plead guilty." Brief for Respondent 16 (emphasis added).

*Id.*

     Thus, "the burden of proof rests upon [the defendant] to establish that he did not

competently and intelligently waive his constitutional right to assistance of Counsel." *Johnson*,

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY
18

United States District Court
Northern District of California

304 U.S. at 468-69. This inquiry should not necessarily evaluate what the trial court said or understood, but must instead look at what petitioner understood. *See United States v. Erskine*, 355 F.3d 1161, 1169-70 (9th Cir. 2004).

Given "the particular facts and circumstances surrounding [this] case," *see Johnson*, 304 U.S., at 464, petitioner does not allege or establish that he in fact did not know the nature of the charges, the disadvantages of self-representation, or the potential range of punishment before waiving his right to counsel. *See Tovar*, 541 U.S. at 92 ("[W]e note that [the petitioner] has never claimed that he did not fully understand the charge or the range of punishment for the crime prior to pleading guilty."); *Erskine*, 355 F.3d at 1170 ("[H]ad [the petitioner] admitted . . . that he had known the maximum penalty all along, this evidence would be relevant to our determination because it would shed light on the state of his understanding at the time of the prior *Faretta* hearing."); *Akins v. Easterling*, 648 F.3d 380, 399 (6th Cir. 2011) (affirming the denial of habeas on *Faretta* claim because petitioner's speculation that something "might have tipped the scales in [his] decisionmaking," or "may [have been] a major factor in the decision to waive the right to counsel" was insufficient to meet petitioner's burden on habeas review).

Here, as in *Tovar*, there is nothing in the record to show, and petitioner does not allege, that he failed to appreciate some consequence arising from his waiver, or that he did not fully understand the nature of his right to counsel; that is, there is nothing to indicate that petitioner did not choose to enter into his waiver "with eyes open." *Faretta*, 422 U.S. at 836. Even with liberal construction of petitioner's petition and attached state briefs, petitioner has never claimed – either in this court or in the state courts – that he was unaware of the range of punishment, the nature of

Case No. 15-CV-05568 LHK (PR)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF APPEALABILITY

19

United States District Court
Northern District of California

1  the charges, or the disadvantages of self-representation.  He has never suggested, much less

2  "articulated with precision," what additional information counsel could have provided.  *Tovar*, 541

3  U.S. at 92-93.  At no time in petitioner's state court record or in petitioner's federal habeas

4  pleadings, does petitioner attempt to affirmatively demonstrate that the waiver was not knowing or

5  intelligent, as is his burden at this point in the proceedings.  *See id.* at 92 ("in a collateral attack on

6  an uncounseled conviction, it is the [petitioner's] burden to prove that he did not competently and

7  intelligently waive his right to the assistance of counsel").

8

9        At most, petitioner proffers that if he had counsel, "one can't know whether he might have

10  taken" two previously rejected plea offers, even though he rejected a third with the assistance of

11  counsel, or whether counsel would have been able to negotiate a better offer.  Dkt. No. 1-1 at 26.

12  Any speculation that petitioner mentions in his state appellate briefs is wholly insufficient to meet

13  his burden on habeas review, to prove by a preponderance of the evidence that the waiver of

14  counsel was not knowing and intelligent.  *See Tovar*, 541 U.S. 92-93; *see, e.g., United States v.*

15  *Lenihan*, 488 F.3d 1175-77 (9th Cir. 2007); *Akins*, 648 F.3d at, 399 (concluding that the trial judge

16  erred by failing to inform petitioner of the "range of allowable punishments," but because

17  petitioner had the burden to show that he did not know about the range of punishments prior to

18  waiving counsel, habeas relief was not warranted); *Jones v. Walker*, 540 F.3d 1277, 1293-97 (11th

19  Cir. 2008) (affirming the denial of a Section 2254 petition after recognizing that the facts in the

20  record suggested that petitioner's waiver of his right to counsel may not have been made with a

21  full understanding of the dangers of self-representation, but ultimately concluding that petitioner

22  failed to meet his burden by producing no evidence to show by a preponderance of the evidence

23

24  Case No. 15-CV-05568 LHK (PR)
    ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
25  APPEALABILITY

26                                          20

27

28

1  that he did not understand the right he was giving up); *Chandler v. Blackletter*, No. 06-1777-PK,

2  2008 WL 4899131, *15 (D. Or. Nov. 10, 2008) (recognizing that the burden rests with petitioner,

3  and concluding that petitioner's "unsupported assertions that he was unaware of the dangers of

4  self-representation" do not satisfy his burden).  Based on the record, petitioner has failed to carry

5  his burden of showing that he did not knowingly and intelligently waive his right to counsel.

6

7        Accordingly, petitioner is not entitled to habeas relief.

8                                **CONCLUSION**

9        The petition for a writ of habeas corpus is DENIED.

10       Petitioner has shown "that jurists of reason would find it debatable whether the petition

11  states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it

12  debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

13  U.S. 473, 484 (2000).  Specifically, a certificate of appealability is granted as to the issue of

14  whether petitioner is entitled to habeas relief on the ground that his waiver of his right to counsel

15  was not knowing and intelligent.  Accordingly, a certificate of appealability is GRANTED.

16

17       **IT IS SO ORDERED.**

18  DATED:  2/13/2017                    *Lucy H. Koh*

19

20                                        LUCY H. KOH
                                         UNITED STATES DISTRICT JUDGE

21

22

23

24

25  Case No. 15-CV-05568 LHK (PR)
    ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING CERTIFICATE OF
26  APPEALABILITY
                                         21
27

28

United States District Court
Northern District of California